UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

GEORGE RAY POWELL,

    Petitioner,

  -v-

UNITED STATES OF AMERICA,

    Respondent.

**DECISION AND ORDER**
95-CR-08-A
13-CV-42-A

---

  Petitioner George Ray Powell, currently confined in the United States Penitentiary-Big Sandy, has filed a motion ("motion to vacate" or "petition") pursuant to 28 U.S.C. § 2255 seeking to vacate, set aside or correct the sentence imposed by this Court (Hon. John T. Elfvin) on February 11, 1997.  (*United States v. Powell*, No. 95-CR-0008-002E, Docket No. 89, Judgment of Conviction; Docket No. 128, Motion to Vacate, Modify or Correct Sentence).[1]  The motion to vacate is based upon the Supreme Court's decision in *Lafler v. Cooper*, 132 S. Ct. 1399, 182 L. Ed. 2d 379 (2012) which addresses the issue of whether, and under what circumstances, a criminal defendant's counsel has provided ineffective assistance in the context of a plea offer.  Petitioner maintains that at the time he filed the motion to vacate, the Supreme Court was poised to decide whether *Lafler*

---

[1]All docket references in this Order are to 95-CR-08–002.

established a new rule of constitutional law that would be retroactively applicable to cases on collateral review. Motion to Vacate (Docket No. 128) at p. 4.[2]

This is the third motion to vacate that petitioner has filed with respect to the same judgment of conviction. Petitioner's first § 2255 motion was filed in May 1999 following the affirmance of his conviction by the United States Court of Appeals for the Second Circuit and was denied on the merits because the petitioner had not made a substantial showing of the denial of constitutional rights. (Docket No. 121, Order). Petitioner also filed a motion in that matter in the Second Circuit requesting an order authorizing this Court to entertain a second or successive petition under § 2255. That motion was denied by the Second Circuit on February 14, 2002. (Docket No. 125, Order of United States Court of Appeals for the Second Circuit).

Petitioner then filed a second motion to vacate on November 23, 2004, which he attempted to bring under 18 U.S.C. § 3742, which authorizes appeals to the Court of Appeals in certain circumstances from the imposition of a sentence in the district court. (Docket No. 126). By Order dated December 3, 2004, the Court (Hon. John T. Elfvin) recharacterized the motion putatively brought under 18 U.S.C. § 3742 as a motion pursuant to 28 U.S.C. § 2255 and determined that because, as so recharacterized, it was a second or successive petition under § 2255, required

---

[2]While Powell explicitly bases his claim for relief on the Supreme Court's decision in *Lafler* and what he presumed would be its retroactive application, he notes elsewhere in the petition that the Court had issued a similar and simultaneous ruling in *Missouri v. Frye*, 132 S. Ct. 1399, 182 L. Ed. 2d 379 (2012). Motion to Vacate at pp. 9-11. The Court therefore treats his argument as based upon both *Lafler* and *Frye*.

to be certified as provided in 28 U.S.C. §§ 2244 and 2255(h) by a panel of the United States Court of Appeals for the Second Circuit.[3]  The Court accordingly transferred the motion to the Second Circuit Court of Appeals for a determination regarding certification.  (Docket No. 127).  The Court of Appeals subsequently denied Powell's application for an order authorizing this Court to consider his successive petition.  *Powell v. United States of America*, 04-6383, Order of United States Court of Appeals for the Second Circuit) dated March 2, 2005.

The motion currently before the Court is thus the third successive motion to vacate his 1997 conviction that petitioner has filed pursuant to 28 U.S.C. § 2255, and is accordingly subject to the certification requirement of  28 U.S.C. §§ 2244 and 2255, as established by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) described above.  However, citing decisions holding that not every numerically second motion or other petition is a  "second or successive"  petition within the meaning of §§ 2254 and 2255, *see, e.g., James v. Walsh*, 308 F.3d 162,

---

[3]The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) transferred to the court of appeals the gatekeeping function formerly performed by the district courts under the abuse of the writ doctrine. *See Felker v. Turpin*, 518 U.S. 651, 664, 116 S. Ct. 2333, 135 L. Ed. 2d 827 (1996). As explained by the Second Circuit::

> In order to rein in successive habeas petitions, HN1the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended § 2255 to provide that second or successive § 2255 petitions "must be certified as provided in [28 U.S.C.] section 2244 by a panel of the appropriate Court of Appeals." AEDPA, Pub. L. No. 104-132, 110 Stat. 1214, 1220-21 (1996), 28 U.S.C. § 2255 (Supp. 1998); *see Triestman v. United States*, 124 F.3d 361, 366 (2d Cir. 1997). Section 2244, in turn, requires federal prisoners seeking to file a second or successive § 2255 petition in the district court to move first in the Court of Appeals for an order that authorizes the district court to consider the petition. See 28 U.S.C. § 2244(b)(3) (Supp. 1998).

*Corrao v. United States*, 152 F.3d 188, 190 (2d Cir. 1998).

167 (2d Cir. 1997) (per curiam), petitioner maintains that the instant motion to vacate is *not* a successive petition because his argument that his conviction should be vacated is based upon the Supreme Court decisions in *Lafler* and *Frye*, which did not exist when he fled his first application for habeas corpus relief.

Petitioner is correct that a numerically second (or third) habeas petition or motion to vacate does not necessarily constitute a second or successive petition for purposes of the AEDPA. As the Second Circuit has explained:

> While the AEDPA sets procedures for filing a successive petition, . . . it does not define successive. . . . [C]ourts have uniformly rejected a literal reading of Section 2244, concluding that a numerically second petition does not necessarily constitute a second petition for the purposes of AEDPA.
>
> In other words, while prisoners are generally restrained from the filing of repetitious petitions for habeas corpus under the doctrine forbidding abuse of the writ, the particular restrictions imposed by § 2244 apply only if the petitioner has filed at least two petitions that are properly counted under that section.
>
> Not all petitions filed under the habeas statute count under AEDPA's successive petition rule. For example, where a first petition is dismissed for technical procedural reasons, such as failure to exhaust state remedies, a refiling of that petition after complying with the required formalities does not qualify as second or successive. More importantly for present purposes, even a petition that has been finally adjudicated on the merits will not count for the purposes of the successive petition rule unless the second petition attacks the same judgment that was attacked in the prior petition. In other words, two petitions are not successive under § 2244 merely because they are both brought by the same prisoner. Rather, to be considered successive, a prisoner's second petition must, in a broad sense, represent

> a second attack by federal habeas petition on the same conviction.

*Vasquez v. Parrott*, 318 F.3d 387, 389-90 (2d Cir. 2003) (citations & internal quotations omitted, emphasis added); *see also, e.g., Thai v. United States*, 391 F.3d 491, 495 (2d Cir. 2004) ("An initial petition that is dismissed without prejudice because it contains curable procedural defects or because it presents unexhausted claims is not a first petition for purposes of §§ 2244 and 2255.").

Here, however, the Court finds that Powell's current motion to vacate does constitute a "second or successive" application for habeas corpus relief because none of the exceptions to what constitutes a successive petition limned by the Second Circuit in *Vasquez* are applicable, and because his motion again seeks to attack, like his initial § 2255 motion to vacate, his underlying 1997 conviction. *See Vasquez* 318 F.3d at 390 ("to be considered 'successive,' a prisoner's second petition must, in a broad sense, represent a second attack by federal habeas petition on the same conviction").

As indicated *supra,* this Court does not have jurisdiction to address a motion to vacate filed pursuant to § 2255 if it is a "second or successive motion" without authorization from the Second Circuit, and ordinarily is required to transfer the motion to the motion to the Second Circuit in the interests of justice and pursuant to 28 U.S.C. § 1631 to obtain such authorization. *Corrao v. United States*, 152 F.3d 188, 190 (2d Cir. 1998); *Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996) (per curiam).

However, "transfer is unnecessary where the second or successive habeas corpus application is wholly without merit." *Castellano v. United States*, 967 F. Supp. 2d 768, 770 (S.D.N.Y. 2013) (citing *Terrence v. Artus*, 2005 U.S. Dist. LEXIS 14677, at *4-6 (S.D.N.Y. July 20, 2005) (dismissing successive habeas petition that was clearly without merit)).  In the present instance, the Court concludes, for the reason discussed below, that Powell's current petition is without merit, and that it would not be interests of justice to transfer the case to the Second Circuit.

A claim presented in a second or successive habeas corpus application that was not presented in a prior application shall be dismissed unless --

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty
> of the underlying offense.

28 U.S.C. § 2244(b)(2); *see also* § 2255(h)(2) (directing that the court of appeals must apply the same criteria in certifying whether a second or successive motion to vacate can proceed).  Powell's motion to vacate fails to meet either of these exceptions.

As previously noted, petitioner's claim for relief under § 2255 is based on his argument that the Supreme Court's decision in *Lafler* (and, presumably, *Frye*)[4] would be regarded as a new rule of constitutional law, and thus apply retroactively. Motion to Vacate (Docket No. 128) at p. 4.  This argument implicates the exception set forth in § 2244(b)(2)(A), *supra*. Petitioner's argument fails, however, because the Second Circuit has determined that neither *Lafler* nor *Frye* establishes a new rule of constitutional law and neither case applies retroactively:

> To the extent [petitioner's] second motion presents a new claim based on *Lafler* and *Frye*, that new claim must be dismissed because it is not based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). Neither *Lafler* nor *Frye* announced "a new rule of constitutional law": Both are applications of *Strickland v. Washington*. Moreover, even if *Lafler* or *Frye* did announce "a new rule of constitutional law," it was not "made retroactive to cases on collateral review by the Supreme Court." Neither case contains any express language as to retroactivity, and we have been unable to locate any subsequent decision giving either of them retroactive effect. *See Tyler v. Cain*, 533 U.S. 656, 663, 121 S. Ct. 2478, 150 L. Ed. 2d 632 (2001) ("[A] new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive." (quoting 28 U.S.C. § 2255(h)(2))).

*Gallagher v. United States*, 711 F.3d 315, 316 (2d Cir. 2013); *see also In re Graham*, 714 F.3d 1181 (10th Cir. 2013) (rejecting authorization to file a second or successive § 2255 motion based on *Lafler* and *Frye*: "To obtain authorization based on *Frye* and *Lafler,* [movant] must show that these decisions establish 'a

---

[4] *See* n. 2 *supra.*

new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.' § 2255(h)(2). To date, however, every circuit court to consider the question has held that *Frye* and *Lafler* do not establish a new rule of constitutional law.")  (citing, *inter alia*, *Gallagher*); *Castellano*, 967 F. Supp. 2d (S.D.N.Y. 2013) (rejecting, in denying § 2255 petition as lacking in merit, argument that *Lafler* and *Frye* present new constitutional rules that would allow petitioner to submit a second or successive habeas petition) (citing *Gallagher*).  The holding of *Gallagher* controls in the instant matter and renders meritless Powell's claim for habeas relief premised on the argument that *Lafler* and *Frye* established a new rule of constitutional law, one that could be applied retroactively to petitioner's benefit.[5]

## CONCLUSION

In accordance with the foregoing analysis, the motion to vacate (Docket No. 128) is dismissed.  The Court  declines to transfer the matter to the Second Circuit pursuant to § 1631 because, after weighing the equities of dismissing the claim as opposed to transferring it, the Court finds that a transfer would not be in the interest of justice. Because petitioner has not made a substantial showing of the denial of a

---

[5]Given the determination that the basis of petitioner's motion to vacate is without merit as a matter of law, and that his application for habeas relief should therefore be denied, there is no need for the Court to address whether the motion to vacate is timely under the 1-year period of limitations applicable to such a motion under 28 U.S.C. § 2255(f)(3).  The Court notes, however, that to the extent that petitioner's argument that his petition is timely is based upon his presumption that *Lafler* and *Frye* would be given retroactive effect by the Supreme Court, and that the relevant 1-year limitations period would commence at that time pursuant to 28 U.S.C. § 2255(f)(3), *see* Motion to Vacate at p. 4, the argument fails in light of the fact that *Lafler* and *Frye* have not been given such retroactive effect.  *See* discussion *supra.*

constitutional right, the Court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2). The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal taken from this order would not be taken in good faith, and therefore denies leave to appeal as a poor person. *Coppedge v. United States*, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

## ORDER

**IT HEREBY IS ORDERED**, that the motion to vacate pursuant to 28 U.S.C. § 2255 motion is dismissed;

**FURTHER**, that a certificate of appealability is denied; and

**FURTHER**, that leave to appeal as a poor person is denied.

**IT IS SO ORDERED.**

____*Richard J. Arcara*_____
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated:   May 19, 2014